UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NEHEMIAH ROLLE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1: 21-230-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KAREN L. LITKOVITZ, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Nehemiah Rolle, Jr., has filed a *pro se* Complaint against United States Magistrate Judge Karen L. Litkovitz. The claims contained in the Complaint appear to be based solely on her actions as a United States Magistrate Judge in other cases Rolle previously filed in this Court. Pursuant to applicable authorities, the Complaint will be dismissed because Rolle's claims are patently frivolous.

**I.**

Between September 26, 2019, and January 5, 2021, Rolle filed seven lawsuits in this Court. Six of those actions are based on Rolle's dissatisfaction with a traffic court proceeding in the Morrow County Municipal Court.[1] Rolle filed a lawsuit against Judge James L. Kimbler in November 2019, alleging a host of federal constitutional claims based on that judge's

---

[1] Rolle has a long history of filing *pro se* lawsuits against judges whose decisions he does not like. He has filed approximately 20 frivolous lawsuits in the United States Court for the Eastern District of New York and several others in the Northern and Southern Districts of New York and the District of New Jersey. *See, e.g.*, *Rolle v. St. George*, 1: 19-CV-094 (E.D.N.Y July 17, 2019) (enjoining Rolle from filing future actions in the E.D.N.Y. without obtaining prior authorization from the court).

- 1 -

handling of the traffic case.[2] [1: 19-CV-1014] Certain duties in that litigation were referred to Magistrate Judge Litkovitz pursuant to local practice and 28 U.S.C. § 636. Judge Kimbler filed a motion to transfer venue to the Eastern Division of this district pursuant to 28 U.S.C. § 1406(a) and Local Rule 82.1. Magistrate Judge Litkovitz granted the motion on January 3, 2020, and transferred the matter to the Eastern Division of the Southern District of Ohio for all further proceedings.[3]

Rolle also filed suit against Morrow County Municipal Court Clerk Amy Braddock. [1: 19-CV-1015] He alleged that Braddock violated various federal constitutional rights and obstructed justice by "concealing legal papers," "stealing legal papers," and failing to forward legal documents "to this high state court." The matter was referred to Magistrate Judge Litkovitz as well. On March 30, 2020, she directed Rolle to show cause within 15 days why the case should not be dismissed for lack of prosecution. After having received no response, Litkovitz issued a report and recommendation on April 20, 2020, recommending that the case be dismissed for want of prosecution. The matter remains pending.

Rolle filed suit against Morrow County Clerk of Courts Kimberly Bood on September 16, 2020. [1: 20-CV-0734] Therein, he alleged claims similar to those asserted against Amy Braddock. Specifically, he asserted that Bood participated in "criminal acts" such as "concealing legal court appeal papers," stealing his filing fee, and failing to file documents for

---

[2]   The Ohio Supreme Court appointed Medina County Common Pleas Court Judge Kimbler to preside over the matter after Rolle filed federal lawsuits against the first two judges assigned to the case. *See Rolle v. Burnaugh*, 1: 19-CV-821; *Rolle v. Lewis*, 1: 19-CV-944.

[3]   Rolle's Complaint against Judge Kimbler was dismissed with prejudice on August 25, 2020. [2: 20-CV-035]

an interlocutory appeal. Again, Magistrate Judge Litkovitz was assigned the case. On March 5, 2021, she issued a report, recommending that the matter be transferred to the Eastern Division of this district. A month later, and the plaintiff having made no objections, the district court transferred the case to the Eastern Division at Columbus.[4]

Unrelated to the traffic case, Rolle sued AurGroup Credit Union and its CEO in January 2021. He alleges that these defendants breached their promise to issue him a checking account with overdraft protection and violated the Fair Credit Reporting Act.[5] [1: 21-CV-006] Litkovitz is the magistrate judge assigned the case. The defendants have filed a motion to dismiss and Rolle has filed a "notice of cross-motion to strike the defendants' late legal papers and dismissing defendants' unlawful and unjust and late false and fraudulent motion to dismiss." It does not appear that Magistrate Judge Litkovitz has taken any action in the case.

Rolle filed the instant Complaint against Magistrate Judge Litkovitz on April 2, 2021. While the Complaint is difficult to follow, the central theme is apparent—Rolle asserts that Litkovitz "aided and abetted" each of the defendants' alleged wrongdoing in the underlying cases by virtue of her assignment as magistrate judge. It is unclear whether he seeks monetary relief from Litkovitz, but he requests dismissal of the traffic case in Morrow County Municipal Court and a declaratory judgment that Magistrate Judge Litkovitz be "precluded from any and all involvement in the federal lawsuits and regarding the plaintiff [sic]." [Record No. 1, p. 25]

Rolle also seeks "conviction of the defendant" and to "remove the Defendant from [her] position as a federal judicial official for violating her oath of office and failing to uphold the

---

[4]  Rolle filed an interlocutory appeal of the order transferring the case on April 12, 2021. [2: 21-CV-1603]

[5]  The defendants have filed a motion to dismiss which remains pending.

United States Constitution and the New York State Constitution." Finally, he seeks a declaratory judgment "saying all white supremacy Ohio state officials in Morrow County and all white supremacy federal officials here in Hamilton County in the Federal Court be rooted out and prosecuted to the fullest extent of the law."

## II.

Although Rolle is proceeding *pro se*, he has paid the applicable filing and administrative fees in this case. Therefore, the Court does not formally screen the Complaint pursuant to 28 U.S.C. §§ 1915A or 1915(e)(2). However, the Court may dismiss a complaint *sua sponte* for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Dismissal under this rule is appropriate when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Rolle claims in the present case are not arguably plausible. To begin, his Complaint does not meet minimum pleading standards under the Federal Rules of Civil Procedure. Although *pro se* complaints are liberally construed and held to a less stringent standard than those drafted by attorneys, Rolle's Complaint falls woefully short of the minimum requirements. A plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And while detailed factual allegations are not necessary, the rule "requires more than [mere] labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 555 (2007).

Each of Rolle's Complaints look strikingly similar, employing a "kitchen-sink" approach that alleges the defendants have violated numerous constitutional amendments.

Comparing the instant Complaint to that in each of Rolle's underlying actions, it is apparent that he essentially copied the language from those pleadings and added Litkovitz's name. The Complaint is devoid of any specific facts alleging wrongdoing on her part. Instead, Rolle repeats allegations from each of the underlying pleadings and tacks on conclusory allegations that Litkovitz "aided and abetted" the other defendants in the alleged conduct.

Rolle has not provided a single *fact* supporting his claims that Magistrate Judge Litkovitz aided and abetted the underlying defendants in any alleged wrongdoing. Further, he has not asserted facts suggesting that Litkovitz has had any relationship or involvement with these individuals or entities outside her role as a federal magistrate judge in the lawsuits he filed in this Court. Rolle's claims are further undermined by his wholly unsubstantiated suggestions that the defendants are involved in a "white supremacist conspiracy."

Rolle's claims are devoid of merit for other reasons as well. He appears to challenge Litkovitz's decisions transferring two of the underlying cases to the Eastern Division of this district. To the extent Litkovitz seeks monetary damages, judges are entitled to absolute immunity with respect to acts performed within the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001). "[J]udicial immunity is not overcome by allegations of bad faith," and "applies even when the judge is accused of acting maliciously and corruptly." *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

And while Rolle has requested injunctive and/or declaratory relief, he has not alleged any cognizable cause of action. *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984) (holding that judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in his or her judicial capacity); *Ward v. City of Norwalk*, 640 F. App'x 462, 467-68 (6th

Cir. 2016) (recognizing that declaratory relief under § 1983 may be available against judicial officers). First, to the extent he seeks dismissal of a traffic case in Morrow County Municipal Court, federal courts do not have subject matter jurisdiction to review state court judgments. *See generally Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Additionally, Rolle's desire for Litkovitz to recuse from his underlying lawsuits does not form the basis of an independent cause of action for which he may seek injunctive relief in a separate lawsuit. *See* 28 U.S.C. § 455; *Cohee v. McDade*, 472 F. Supp. 2d 1082, 1084 (S.D. Ill. 2006) (citing *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (explaining that a motion to recuse must be decided by the judge whose impartiality is being questioned)); *Church of Scientology Int'l v. Kolts*, 846 F. Supp. 873, 881-82 (C.D. Cal. 1994) (concluding that the Code of Conduct for United States Judges does not create a private cause of action).

Rolle also requests a "conviction of the defendant" and seeks to "remove the Defendant from [her] position as a federal judicial official for violating her oath of office and failing to uphold the United States Constitution and the New York State Constitution."[6] However, this is a civil action and there is no cause of action in which the plaintiff can seek a "conviction of the defendant." Additionally, there is no private right of action in which the plaintiff can seek to have the defendant removed from her position as a United States Magistrate Judge.

Finally, the Declaratory Judgment Act alone does not create a federal cause of action. *See* 28 U.S.C. § 2201; *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for So. Cal.*, 463

---

[6] It is unclear why Magistrate Judge Litkovitz would have a duty to uphold the New York State Constitution. This is likely an error as a result of the plaintiff's cutting and pasting from one of the twenty-plus frivolous complaints he has filed in federal district court in New York. *See, e.g.*, *Rolle v. St. George*, 1: 19-CV-094 (E.D.N.Y July 17, 2019).

U.S. 1, 15-19- (1983). Instead, the plaintiff must identify a cause of action under some other law. *Id.* The plaintiff does not identify the legal basis for a declaratory judgment "saying all white supremacy Ohio state officials in Morrow County and all white supremacy federal officials here in Hamilton County in the Federal Court be rooted out and prosecuted to the fullest extent of the law." Accordingly, this claim is devoid of merit and will be dismissed.

## III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Plaintiff Nehemiah Rolle Jr.'s Complaint is **DISMISSED** with prejudice.

Dated: April 20, 2021.



Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky